**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| DEBORAH ROBIN, individually and on behalf of others similarly situated,<br><br>Plaintiff-Petitioner,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., an Illinois Corporation,<br><br>Defendant-Respondent. | CIVIL ACTION NO.: 24-391-SDD-RLB<br><br>CLASS ACTION<br><br>JURY DEMAND |

**PRELIMINARY APPROVAL ORDER**

The Court has reviewed Plaintiff Deborah Robin's Unopposed Motion for Preliminary Approval of the Settlement Agreement and Releases entered into between Plaintiff, individually, and on behalf of the proposed Settlement Class, and Defendant State Farm Mutual Automobile Insurance Company ("State Farm") or ("Defendant"), as defined in the Settlement Agreement. Upon careful review, the Court finds as follows:

WHEREAS, this Preliminary Approval Order incorporates the Settlement Agreement and the terms used herein shall have the meaning and/or definitions given to them in that Agreement, as submitted to the Court with the Motion for Preliminary Approval.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after careful consideration,

IT IS HEREBY ORDERED as follows:

1. The Court preliminarily finds that the Agreement proposed by the Parties is fair, reasonable, and adequate and likely to be approved at a Final Approval Hearing such that giving Notice is justified. The representations, agreements, terms, and conditions of the Settlement, as

embodied in the Agreement, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein. The Court preliminarily finds that the Settlement meets the considerations set forth in the amended Rule 23(e).

2. The Settlement was negotiated with the assistance of a mediator, and appears to be the result of extensive, arm's length negotiations between the Parties after Class Counsel and State Farm's Counsel had investigated the claims, litigated essential matters regarding the claims, and become familiar with the strengths and weaknesses of the claims. At this preliminary stage, the Court finds that the Settlement appears not to be collusive, to have no obvious defects, and to fall within the range of reasonableness.

3. The Court preliminarily finds that it will likely certify at the Final Approval stage a Settlement Class, for purposes of the Settlement only, consisting of:

> All Insureds under an Automobile Insurance Policy: (1) who submitted a covered first-party physical damage claim during the Class Period, (2) whose claim was adjusted as a total loss; and (3) whose Total Loss Settlement from State Farm did not include full Purchasing Fees (the "Settlement Class Members"). Excluded from the Settlement Class are (1) State Farm, its agents, employees, subsidiaries, parents, and related entities, all present or former officers and/or directors of State Farm, the Claims Administrator, the Mediator, Class Counsel, and any Judge of this Court and the Judge's staff and employees; (2) Individuals with claims for which State Farm received a valid and executed release; (3) Individuals who are both not on the Notice list and who also did not submit a valid Claim Form for payment under this Agreement; (4) Individuals who timely request exclusion from the Class; and (5) Individuals with claims for first-party property damage as to which the individual

process of appraisal or arbitration or a lawsuit has been completed or initiated at the time this Agreement is filed.

The Court preliminarily finds that this Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) in that, for settlement purposes: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class Members; (d) the Class Representative is an adequate representative for the Settlement Class, and has retained experienced counsel to represent her; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

4. For purposes of the Settlement only, the Court preliminarily finds and determines that it will likely find at the Final Approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(1), that Plaintiff Deborah Robin will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints her as the Class Representative.

5. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of the Settlement Class and the Class Representative with respect to the Settlement:

**NORMAND PLLC**
Edmund Normand, Esq.
Christopher Hudon, Esq.
ean@normandpllc.com
3165 McCrory Place, Suite 175
P.O. Box 140036
Orlando, FL 32803
Tel: 407-603-6031

**HERMAN HERMAN & KATZ, LLC**
Soren E. Gisleson
sgisleson@hhklawfirm.com
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Tel: 504-581-4892

6. Kroll Settlement Administration, LLC is appointed as Claims Administrator and shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

7. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the Class Representative and Class Counsel have adequately represented the class;

(B) the Settlement was negotiated at arm's length;

(C) the relief provided for the Class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii)the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-Member claims, if required;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the Settlement treats Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

8. Having reviewed the proposed Notice Program submitted by the Parties, (hereinafter referred to collectively as "the Notices"), the Court approves, as to general form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of the members of the Settlement Class. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions,

including the class definition, the identities of the Parties and their counsel, a summary of the terms of the Settlement, information regarding the manner in which objections may be submitted and the deadline for doing so, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

9. The Court directs the Settlement Administrator to effectuate Notice to the Settlement Class in accordance with the Notice Program. The Notices shall be updated by the Settlement Administrator to include the date and time of the Final Approval Hearing as set forth below, and the specific claim, objection and opt-out deadlines keyed to that hearing date. The Court finds and determines that the Notices constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfy the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

10. Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt-out" from the Settlement Class. In the event a Settlement Class Member wishes to be excluded from the Settlement and not to be bound by this Agreement, that Person must sign and mail a notice of intention to opt-out of the Settlement to the Settlement Administrator. The notice must be postmarked on or before the last day of the Opt-Out Deadline. Any member of the Settlement Class who timely and properly requests exclusion in compliance with these requirements will thereafter be excluded from the Settlement Class, not become a Settlement Class Member, will not have any rights under the Settlement, will not be entitled to receive a Settlement Class Member Payment, and will not be bound by the Agreement or the Final Approval Order. Any members of the Settlement Class who fail to submit a valid and timely opt-out request shall be bound by all terms of the Agreement and the Final Approval Order. If the

Policyholder submits the opt-out request, then all insureds on the applicable State Farm automobile policy shall be deemed to have opted-out of the Settlement with respect to that policy, and the Policyholder and insured shall not be entitled to a payment under the Settlement.

11. Any Settlement Class Member who wishes to object to the Settlement Class Counsel's application for Class Counsel Fees or a Service Award for the Class Representative, or to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, as set forth in the Settlement Agreement. A valid objection must include: (a) the name of the Action; (b) the objector's full name, address and telephone number; (c) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (d) the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application; (f) the number of times in which objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that objector filed the objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years; (g) any and all agreements that relate

to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity; (h) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing; (i) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (j) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (k) the objector's signature (an attorney's signature is not sufficient). The Parties must file any briefs in response to any objection on or before 10 days prior to the date of the Final Approval Hearing. Class Counsel and/or State Farm may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure. Class Counsel and/or State Farm may conduct limited discovery on any objector consistent with the Louisiana Statutes if approved by the Court upon a showing of good cause. Any Settlement Class Member who does not make his or her objections in the manner and by30 days prior to the Final Approval Hearing shall be deemed to have waived any objection(s) and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

12. Prior to the Final Approval Hearing, Class Counsel shall file with the Court and serve on all Parties a declaration of the Settlement Administrator certifying that the Notice Program was completed, describing how the Notice Program was completed, providing the names of each Settlement Class member who timely and properly requested exclusion from the Settlement Class or served objections, detailing the number of Claim Forms that were timely and validly submitted, and other information as may be necessary to allow the Parties to seek and obtain Final Approval.

13. All pretrial proceedings in this action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

14. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or as any sort of precedent, or for any other purpose, in any other proceeding in any court, administrative agency, or other tribunal.

15. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

16. Class Counsel and State Farm's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

17. **An in-person Final Approval Hearing will be held in the Courtroom 3 on <u>September 17, 2026, at 10:00 a.m.</u>** to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

18. The Parties must file all moving papers and briefs in support of Class Counsel's application for attorneys' fees and costs, and for a Service Award for the Class Representative, **no later than forty-five (45) days before the date set forth herein for the Final Approval Hearing.**

19. **Class Counsel must file a Motion for Final Approval no later than twenty (20) days before the date set forth herein for the Final Approval Hearing.**

20. The Court hereby sets the following schedule of events:

| ACTION | DEADLINE |
|---|---|
| Preliminary Approval Hearing | N/A – Submitted on the record by motion of the parties Rec. Docs. 55, 56 |
| Preliminary Approval Order entered | May 21, 2026 |
| State Farm provides Class List to Claims Administrator | Within thirty (30) days after entry of the Preliminary Approval Order |

| | |
|---|---|
| Deadline for Claims Administrator to initiate mailing and emailing of the Postcard Notice and Email Notice, which will be in the form set forth in Exhibit A (Claim Form), Exhibit B (Postcard Notice), and Exhibit C (Email Notice) | Within sixty (60) days of the entry of the Preliminary Approval Order |
| Deadline for Claims Administrator to send out second Email Notice | Date suggested by the Claims Administrator |
| Deadline to file Unopposed Motion for Fees and Costs | Forty-five (45) days prior to the Final Approval Hearing |
| Plaintiff's Motion for Final Approval | Ten (10) days before Final Approval Hearing |
| Deadline for Class Members to opt-out of the Agreement | Thirty (30) days prior to the Final Approval Hearing |
| Deadline for Class Members to object to Agreement | Thirty (30) days prior to the Final Approval Hearing |
| Deadline for Parties to file any briefs in response to any objection and Unopposed Motion for Final Approval | Ten (10) days before Final Approval Hearing |
| Final Approval Hearing | At least one hundred and thirty (130) days after the Preliminary Approval Order |
| State Farm to pay Class Counsel's Fees and Costs and Class Representative Fees | The Effective Date (30 days after Final Approval) |
| Deadline for Class Members to file claims ("Claims Deadline") | Thirty (30) days after Final Approval |
| Payments to Class Members | Within 90 days of the Effective Date (30 days after Final Approval) |

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on May 21, 2026.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

# EXHIBIT G

## PRELIMINARY SCHEDULE

| Action | Deadline |
|---|---|
| Preliminary Approval Hearing | N/A |
| Preliminary Approval Order entered | May 21, 2026 |
| State Farm provides Class List to Claims Administrator | Within thirty (30) days after entry of the Preliminary Approval Order |
| Deadline for Claims Administrator to initiate mailing and emailing of the Postcard Notice and Email Notice, which will be in the form set forth in Exhibit A (Claim Form), Exhibit B (Postcard Notice), and Exhibit C (Email Notice) | Within sixty (60) days of the entry of the Preliminary Approval Order |
| Deadline for Claims Administrator to send out second email and postcard notice | Date suggested by the Claims Administrator |
| Deadline to file Unopposed Motion for Fees and Costs | Forty-five (45) days prior to the Final Approval Hearing |
| Deadline for Class Members to opt-out of the Agreement | Thirty (30) days prior to the Final Approval Hearing |
| Deadline for Class Members to object to Agreement | Thirty (30) days prior to the Final Approval Hearing |
| Deadline for Parties to file any briefs in response to any objection and Unopposed Motion for Final Approval | Ten (10) days before Final Approval Hearing |
| Final Approval Hearing | At least one hundred and thirty (130) days after the Preliminary Approval Order |
| State Farm to pay Class Counsel's Fees and Costs and Class Representative Fees | The Effective Date (30 days after Final Approval) |
| Deadline for Class Members to file claims ("Claims Deadline") | Thirty (30) days after Final Approval |
| Payments to Class Members by State Farm | Within ninety (90) days of the Effective Date (30 days after Final Approval) |